UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>        Plaintiff,<br><br>    v.<br><br>PEOPLE,<br><br>        Defendant. | No. 1:21-cv-00007-NONE-JLT<br><br>ORDER TO SUMMARILY REMAND FOR LACK OF JURISDICTION<br><br>(Doc. No. 1) |

On January 4, 2021, DeCheri Hafer ("Hafer") filed a notice of removal, which appears to be an attempt to remove to this federal court at least one criminal case pending in state court: *People of the State of California v. Hafer*, BM952216A, in which defendant is charged with one count of assault with a deadly weapon other than a firearm or force likely to produce great bodily injury in violation of California Penal Code § 245(a)(1). (*See* Doc. No. 1.)[1]

This court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the

---

[1] Hafer has styled the caption for this case as "*Hafer v. People*," even though, technically, it should be "*People v. Hafer*," because a removed preceding normally retains the relationship between the parties set forth in the underlying state court action. Hafer also has attempted to raise issues related to this criminal case in a civil action filed in this court. (See Hafer v. Unknown, No. 1:20-cv-01426-NONE-JLT.)

1

pendency of the action . . . .") (internal citation and quotation omitted).

Defendant Hafer cites 28 U.S.C. § 1443 as the sole basis for the attempted removal. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States of the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Section 1443(1), which grants a right of removal to certain petitioners who claim as a defense to a state prosecution federal rights based on racial equality, has been narrowly interpreted by the United States Supreme Court. *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971). Petitions for removal under § 1443(1) must satisfy two criteria. *Id*. First, the petitioner must assert, as a defense to the prosecution, "rights that are given to them by explicit statutory enactment protecting equal *racial* civil rights." *Id*. (emphasis added). Second, the petitioner must assert that the state court will not enforce these civil rights and must cite a state statute or constitutional provision that purports to command the state court to ignore those rights. *Id*. "Bad experiences" with the particular state court in question is insufficient to meet the § 1443(1) requirements. *Id*.

Section 1443(2) is limited to removal of criminal cases brought against federal officers and agents. *See Alabama v. Kemp*, 952 F. Supp. 722, 723 (N.D. Ala. 1997) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)); *see also HSBC Bank USA, Nat. Ass'n v. Abreckov*, No. C 09-05646 WHA, 2009 WL 5218045, at *2 (N.D. Cal. Dec. 29, 2009); *California v. Remmert*, No. C 07-80155 CW, 2007 WL 2298035, at *2 (N.D. Cal. Aug. 8, 2007).

Neither provision of § 1443 applies here. Although Hafer claims discrimination was present in the state court action in which he was named a defendant, there is no mention of any state statute or constitutional provision that purports to command the state court to ignore any

federal statutory protections pertaining to racial equality. Moreover, the underlying criminal case in state court is not brought against a federal officer.

In the absence of a valid basis for removal, this court lacks subject matter jurisdiction over this action. Accordingly, this case must be remanded to the Superior Court for the County of Kern. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the reasons set forth above, this case is REMANDED to the Kern County Superior Court.

IT IS SO ORDERED.

Dated: __**January 13, 2021**__            _Dale A. Drozd_
                                            UNITED STATES DISTRICT JUDGE